91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clarence E. BENSON, Plaintiff-Appellant,
v.
CARLTON COMPANY, Defendant-Appellee.
 No. 95-35512.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided July 29, 1996.
 
 1
 Before: FERGUSON and BRUNETTI, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Clarence E. Benson appeals from the district court's grant of Carlton Company's motion for summary judgment.[1] Benson brought this action claiming that his discharge from employment was the result of age discrimination by Carlton.
 
 
 4
 The trial court found that Benson established a prima facie case. In granting Carlton's motion for summary judgment, the court also found that Benson failed to "counter Carlton's expressed legitimate, nondiscriminatory basis for the decision to terminate him with the requisite specific, substantial, evidence of pretext."
 
 
 5
 The district court's grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1261 (1996). "Although courts are generally cautious about granting summary judgment when motivation and intent are at issue, as in Title VII and ADEA cases, such relief may nonetheless be appropriate." Foster v. Arcata Assoc., Inc., 772 F.2d 1453, 1459 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986). In this case, however, we find that it is not appropriate.
 
 
 6
 Carlton argues, on appeal, that the court below erred when it considered the affidavits which Benson submitted on the issue of discriminatory motive. The Magistrate Judge did not abuse his discretion in considering Benson's affidavits. City of Long Beach v. Standard Oil Co., 46 F.3d 929, 936 (9th Cir.1995).
 
 
 7
 Benson established a prima facie case, and the evidence regarding the reason behind Benson's termination, sufficiently allows a jury to determine whether there was discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). Benson may maintain his claim by showing that the termination "occurred under circumstances giving rise to an inference of age discrimination." Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir.1990).
 
 
 8
 The discrepancies with regard to Benson's work performance, and with regard to Carlton's alleged policy of terminating older employees could lead a trier of fact to find a discriminatory motive. This court does not reach any conclusion as to the merits of this case, but rather finds that there is sufficient evidence of discriminatory motive to make summary adjudication inappropriate.
 
 
 9
 We therefore reverse and remand the district court's grant of summary judgment in favor of Carlton.
 
 
 10
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The parties consented to jurisdiction by a magistrate judge